IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

GEORGE ORBIN,

    Defendant.

Criminal No. 14-0003
ELECTRONICALLY FILED

**Memorandum Order on Admission of Government Exhibits G5 and G6 (alleged child pornography evidence)**

The Government seeks to admit alleged child pornography evidence in form of the videos/images at Government Exhibits G5 and G6. At the Preliminary Pretrial Conference on 11/22/16, pursuant to Order of 11/21/16, the Government produced to the Court the evidence at G5 and G6, for an *in camera* inspection. The Court notes that this evidence has been stipulated-to by the defense as representative of the full volume of the alleged child pornography in this case.

Despite there being no objection to the proposed evidence, and being the subject of stipulation as to representative nature, in order to comply with the Federal Rule of Evidence 403, the Court has fulfilled its duty to review the proposed child pornography evidence at the conclusion of the Preliminary Pretrial Conference. *United States v. Cunningham*, 694 F.3d 372 (3d Cir. 2012). After an *in camera* viewing, the contraband was immediately returned to the Government on 11/22/16 (see doc. no. 112).

1

One of the duties of the jury in this case will be to determine whether the six videos charged in Count One through Six of the Superseding Indictment depict child pornography. The Court notes that the Government has stated that it does not intend to introduce into evidence every image or video of sexually explicit depictions of children that Defendant collected, saved or produced, in order to establish the commission of these offenses. Rather, the Government seeks to admit "a highly select and condensed excerpt of the images and videos found on Defendant's laptop computer and hard drive as direct evidence of his crimes." Doc. No. 117 at 1. The Government has filed a Trial Brief and Supplemental Trial Brief setting forth further details on the proposed evidence, which the Court quotes in pertinent part:

> The Government [seeks to] admit evidence of Orbin's production and possession of child pornography via two PowerPoint exhibits, one relating to the videos charged in Counts One through Six (Production/Attempted Production Counts) (G5) and the other relating to the images charged in Count Seven (Possession) (G6) of the Superseding Indictment.
>
> The first exhibit, G5, is offered in support of Counts One through Six of the Superseding Indictment and shows only short excerpts of the six videos that the Government alleges Orbin produced, sufficient to satisfy the jury as to the elements of the crimes charged. **In total, the combined excerpts of the six videos will last no longer than 13 minutes, representing a fraction of the approximately 56 minutes of full-length videos charged in Counts One through Six.** Specifically, the breakdown of the full-length of the actual video recovered in contrast to the video excerpt to be shown at trial by the Government is as follows:
>
> **Count 1**: DSCN0673: 12/10/2011 - total length = 5:45 min. / government trial excerpt = 1 minute (Production and Attempted Production - Minor A depicted and defendant's voice heard)
> **Count 2**: Tippins Lot 16: 6/10/2013 - total length = 11:08 min. / government trial excerpt = 1:15 min. (Production and Attempted Production - shower video of Minor B)
> **Count 3**: Tippins Lot 20: 6/11/2013 - total length = 6:12 min. / government excerpt = 7 seconds (Production and Attempted Production - shower video of Minor B)

> **Count 4**: VID_20130408_074430.3pg - 4/8/2013 - total length = 58 sec. / government trial excerpt = 9 seconds (Production and Attempted Production - shower video of Minor B)
> **Count 5**: VID_20130603_07 4725.3pg - 6/3/2013 - total length = 11:26 min. / government trial excerpt = 2:15 min. (Production and Attempted Production - bedroom video of Minor B; defendant seen on the video)
> **Count 6**: Emmie and Catie did bubbles 8/11/12 002.avi - total length = 21:39 min. / government trial excerpt = 8 min (Attempted Production charge - children are clothed and the camera zooms in on the genital area of Minor C multiple times over the course of the video).
>
> Total length of all 6 original videos = 55:88 min. / Total time of excerpts of the original 6 videos that the Government will introduce at trial = 12:46 min.

Doc. No. 117 at 2-3 (emphasis added).

After viewing *in camera* the above proposed evidence in the form of a Powerpoint at G5, the Court finds that the proposed evidence handily meets the relevance requirements. Furthermore, pursuant to Fed. R. Evid. 403, the probative value of these videos (which are limited, greatly condensed, and as stipulated, are fairly representative of the evidence in this case) outweighs any danger of unfair prejudice, confusion of the issues, misleading of the jury, undue delay, or needlessly presenting cumulative evidence. *United States v. Finley*, 726 F.3d 483, 493 (3d Cir. 2013). To the extent that the child pornography evidence is prejudicial (as the United States Court of Appeals has explained that this type of evidence is routinely "disturbing and absolutely prejudicial," *Finley*, 726 F.3d at 493-394), the Court finds that this evidence is not *unfairly* prejudicial to the point that the unfair prejudice substantially outweighs its probative value, and the use of a cautionary instruction will mitigate any potential prejudice. *See United States v. Fritz*, 643 Fed. Appx. 192 (3d Cir. March 8, 2016); *United States v. Cunningham*, 07-cr-00298 at doc. no. 291; *Finley*, 726 F.3d at 493.

With regard to Government Exhibit G6, as set forth by the Government, the Court reiterates the following:

> The second exhibit (G6) is a sampling of 15 child pornography still images possessed on Orbin's laptop computer and hard drive that will last no longer than 1 minute. This exhibit is a small fraction of the over 130 still images and the many videos and the numerous hours of viewing time of the files produced and possessed by the defendant. **In addition, while the defendant is alleged to have possessed images of bondage of prepubescent females on his computer, those images have not been included in Government Exhibit.**

Doc. No. 117 at 3 (emphasis added).

After viewing *in camera* the above proposed images in the form of a Powerpoint at G6, the Court notes an important caveat that the images constitute a narrow sampling of the total number of still images, and as explained and highlighted above, do not include bondage of prepubescent females, even though those images were allegedly possessed by Defendant. On this basis, the Court again finds that the proposed evidence at Government Exhibit G6 is certainly relevant, and on balance, the probative value of this evidence outweighs the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. Again, the limitations including the greatly condensed format of the evidence, along with the omission of evidence of bondage of prepubescent females, further mitigates the risk of unfair prejudice and the presentation of cumulative evidence. The use of curative instruction will further mitigate any danger of unfair prejudice. *See United States v. Fritz*, 643 Fed. Appx. 192 (3d Cir. March 8, 2016); *United States v. Cunningham*, 07-cr-00298 at doc. no. 291; See *United States v. Fritz,* 643 Fed. Appx. 192 (3d Cir. March 8, 2016); *Finley*, 726 F.3d at 493; *United States v. Cunningham*, 07-cr-00298 at doc. no. 291.

For these reasons, the Court will admit Government Exhibits G5 and G6.

**SO ORDERED** this 28th day of November, 2016.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties

George Orbin
804 Center Avenue
Pittsburgh, PA 15238 (via first class mail)