IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GEORGE ORBIN,

    Defendant.

Criminal No. 14-0003
ELECTRONICALLY FILED

## **Supplemental Jury Instruction as Requested by Defendant**

**Justification or Necessity as a Defense**

Mr. Orbin has raised as a defense that he was justified by necessity in committing the offenses charged in the Counts One through Six of the Superseding Indictment. If you find that the government proved beyond a reasonable doubt that Mr. Orbin committed the offenses charged, then you must consider whether Mr. Orbin's actions were justified by necessity, as I will define that for you.

If you find that the government proved that Mr. Orbin committed the offenses charged and you also find that the Mr. Orbin proved that he was justified by necessity in committing the offenses, then you must find Mr. Orbin not guilty of the charges.

To find that Mr. Orbin's actions were justified by necessity, and therefore that he is not guilty of the offenses charged in Counts One through Six of the Superseding Indictment, you must find that Mr. Orbin proved by a preponderance of the evidence each of the following four elements:

First, that Mr. Orbin was under an immediate, unlawful threat of death or serious bodily injury to himself or to others;

Second, that Mr. Orbin had a well-grounded, reasonable fear or belief that the threat would be carried out if he did not commit the offenses;

Third, that Mr. Orbin's criminal action was directly caused by the need to avoid the threatened harm and that Mr. Orbin had no reasonable, lawful opportunity to avoid the threatened harm without committing the offenses; that is, that Mr. Orbin had no reasonable lawful opportunity both to refuse to do the criminal act and also to avoid the threatened harm; and

Fourth, that Mr. Orbin had not recklessly placed himself in a situation in which he would be forced to engage in criminal conduct.

Mr. Orbin has the burden of proving the defense of justification or necessity by a preponderance of the evidence. Preponderance of the evidence is a lower standard than proof beyond a reasonable doubt. To prove something by a preponderance of the evidence means to prove that it is more

likely true than not true. If you put the credible evidence that is favorable to Mr. Orbin and the credible evidence that is favorable to the government on opposite sides of a scale, the scale would have to tip somewhat on Mr. Orbin's side in order for you to find Mr. Orbin's not guilty because of justification or necessity. However, if the scale tips in favor of the government, or if the credible evidence appears to be equally balanced, or if you cannot say on which side the credible evidence is heavier, then you must decide that Mr. Orbin has not proved the defense of justification or necessity by a preponderance of the evidence. In making this determination, you should consider all of the evidence presented during the trial, regardless of who offered it. You should evaluate the evidence and its credibility according to the instructions I gave you earlier. You should also remember that the fact that Mr. Orbin asserts this defense does not relieve the government of the burden of proving all the elements of the offenses charged beyond a reasonable doubt.